LOUIS GOLDSTEIN, *Appellant*, vs. THE STATE OF FLORIDA, Appellee.

136 So. 675.

Division A.

Opinion filed October 1, 1931.

*Aronovitz & Goldstein*, for Appellant;

*Cary D. Landis*, Atty. Gen. and *Roy Campbell*, Asst., for Appellee.

BUFORD, C.J.—Plaintiff in error was prosecuted in the Criminal Court of Record in and for Palm Beach County under an information charging grand larceny.

The pertinent facts in the case as shown by the record

are that Goldstein ordered some merchandise from Miami Wrecking & Salvage Company, a corporation, the value of the goods being $478.44. Goldstein claimed to have on deposit with the vendor $100.00 as a guarantee of good faith to be retained by the vendor as long as Goldstein was purchasing goods from the vendor. When the goods involved in this case were delivered to Goldstein he had an altercation with the persons making the delivery by truck. The result of the altercation was that one of the men with the truck assaulted Goldstein and, it is alleged, beat him. Goldstein gave a check to the man in charge of the truck for the amount of the bill of goods. The check was delivered to the owner of the goods and was presented the next day for payment. The undisputed evidence is that after the altercation with the men in charge of the truck Goldstein consulted a lawyer and discussed with him the $100.00 on deposit and told his attorney that he wanted to get his $100.00 back and cease doing business with Miami Wrecking & Salvage Company. His attorney advised him to stop payment on the check for $478.44 and pay the difference. Goldstein stopped payment on the check and within a few minutes after he stopped payment he met Mr. Bower, manager of Miami Wrecking & Salvage Company. Mr. Bower told Mr. Goldstein that he had the check upon which payment had been stopped. Goldstein then told Mr. Bower that he had stopped payment on the check and offered him a check for Three Hundred and Sixty odd dollars, which he claimed was the difference between the amount which Miami Wrecking & Salvage Company owed him and the amount of the bill of goods for which the $478.44 check was given. Mr. Bower refused to accept that check and then Goldstein told Mr. Bower that if Mr. Bower would give him the $100.00 which he had on deposit he would order the Bank to pay the check for $478.44. He also told Mr. Bower that he would not trade with his company any longer because of the abuse which he had received.

There is no evidence in the record from which a jury could reasonably conclude that Goldstein did not intend for the check to be paid when it was issued by him to the men who delivered the goods for Miami Wrecking & Salvage Company. There is no evidence that he obtained possession of the goods by any trick, fraud or device, but the evidence shows that after the altercation with the people who delivered the goods for Miami Wrecking & Salvage Company, Goldstein decided to cease doing business or buying goods from Miami Wrecking & Salvage Company and stopped payment of the check under advice of counsel for the purpose of forcing immediate settlement of accounts between himself and Miami Wrecking & Salvage Company. This does not make a case of larceny.

The judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.